UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAWANA FRENCH,

      Plaintiff                               Civil Action No. 10-14296

v.

                                      District Judge Victoria A. Roberts
                                      Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff Kawana French brings this action under 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner denying her application for Supplement Security Income under the Social Security Act. Both parties have filed motions for summary judgment which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's motion be GRANTED and Plaintiff's motion DENIED.

## PROCEDURAL HISTORY

      On May 23, 2007, Plaintiff applied for Supplemental Security Income ("SSI"), alleging disability as of June 1, 2006 (Tr. 104). After the initial denial of the claim, she requested an administrative hearing, held before Administrative Law Judge ("ALJ") Janice M. Bruning in Oak Brook, Illinois on September 30, 2009 (Tr. 32). Plaintiff, unrepresented, testified by teleconference from Detroit, Michigan (Tr. 34-39). Vocational Expert ("VE") Glee Ann Kehr also testified (Tr. 39-41). On January 14, 2010, ALJ Bruning found Plaintiff not disabled (Tr. 17). On September 3, 2010, the Appeals Council denied review (Tr. 1-5).

Plaintiff filed for judicial review of the final decision on October 26, 2010.

## BACKGROUND FACTS

Plaintiff, born November 7, 1986, was 23 when ALJ Bruning issued her decision (Tr. 17, 104). She completed 12th grade (Tr. 135). She alleges disability as a result of right eye blindness and headaches (Tr. 129).

### A. Plaintiff's Testimony

Plaintiff, 5' 2" and 170 pounds, testified that she had three preschool age children (Tr.34). She denied vocational training or military service, reporting that she currently lived in a townhouse with her three children and sister (Tr. 34-35). She testified that she currently received Medicaid and food stamps (Tr. 35). She stated that she had taken community college courses as part of a work study program, but dropped out after experiencing problems seeing information written on the classroom blackboard (Tr. 35). She reported that her work study job duties involved receptionist-like duties (Tr. 36).

Plaintiff testified that she had been told to obtain protective lenses, but that Medicaid did not cover the cost of glasses (Tr. 36). She reported that she did not drive and was generally accompanied by a friend when she crossed the street, took public transportation, and shopped (Tr. 36). She denied problems performing personal care, household, or childcare functions (Tr. 36-39). Plaintiff reported that she had a Facebook page and did not experience reading problems (Tr. 38).

### B. Medical Records

### 1. Treating Sources

Notes from a March, 2006 eye exam show that Plaintiff was oriented to time, place, and person (Tr. 170). Plaintiff was found to have "near normal" vision in the left eye (Tr. 171). A review of her other systems was unremarkable (Tr. 173). A July, 2007 letter

prepared by Kresge Eye Institute staff states that Plaintiff had "no-showed" all of her previously scheduled appointments (Tr. 185). In October, 2007, ophthalmologist Daniel Zucherbrod, M.D. performed an eye exam, diagnosing Plaintiff with amblyopia of the right eye (Tr. 166).[1] He noted that she experienced "poor vision" with her right eye, but that the left eye was "reasonably good" with only a small degree of myopia (Tr. 166). He recommended safety glasses to protect the vision of her good eye (Tr. 166).

### 2.  Material Submitted Subsequent to the January 14, 2010 Administrative Decision

April, 2009 records from the Community Mental Health Center indicate that Plaintiff missed an appointment for an intake exam (Tr. 162).

Plaintiff also submitted a letter for Appeals Council consideration, stating that she was forced to drop out of college because of right eye problems (Tr. 163). She alleged that ALJ Bruning mis-characterized her testimony in finding her not disabled (Tr. 163). She disputed the ALJ's inference that she did not answer the telephone on repeated occasions because she was not at home (Tr. 163 *citing* Tr. 14). Rather, she attributed her failure to answer calls from the SSA to the fact that she spent most of her time in her bedroom and that the telephone was oftentimes not in her possession (Tr. 163).

### C.    VE Testimony

VE Glee Ann Kehr stated that her testimony was consistent with the information found in the Dictionary of Occupational Titles ("DOT") (Tr. 40).

The ALJ posed the following hypothetical question, taking into account Plaintiff's age, education level, and work history:

Consider an individual . . . [who] is blind in one eye, therefore such an

---

[1] "Amblyopia" is a "nonspecific term referring to impaired vision." www.online medical dictionary.org

individual should avoid climbing ladders, rope or scaffolding; and avoid doing work around heights and moving machinery.  Any jobs such an individual can perform?

(Tr. 40).

VE testified that given the above limitations, the individual could perform the exertionally light, unskilled work of a counter clerk (4,000 positions in the regional economy); information clerk (6,500); and mail clerk (1,500) (Tr. 40).

### D.   The ALJ's Decision

ALJ Bruning found that although Plaintiff's condition of anisometropic amblyopia of the right eye was a severe impairment as defined by 20 C.F.R. § 404.1520(c), it did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 12-13).  He found that Plaintiff's depression and headaches were non-severe, citing a September, 2009 treating observation that Plaintiff "was oriented to time, place, and person" (Tr. 13).  He also noted the absence of psychological treating records (Tr. 13).

The ALJ determined that Plaintiff  retained the following residual functional capacity ("RFC"):

> a full range of work at all exertional levels but with the following nonexertional limitations:  is precluded from work requiring bilateral vision or depth perception.  The claimant is precluded from working at unprotected heights or around dangerous machinery.  The claimant is precluded from climbing ropes, ladders, or scaffolding

(Tr. 13).

The ALJ discounted Plaintiff's allegations of disability by noting that she experienced 20/20 vision in her left eye, was able to take her children to doctor's appointments, and left the house frequently (Tr. 14).  The ALJ also noted that Plaintiff had been able to enroll in engineering courses and continued to provide daily care for her three young children (Tr. 15). Finally, he noted that despite Plaintiff's allegation

-4-

of disability because of right eye problems, she had failed to show up for several eye examination appointments (Tr. 15).

## STANDARD OF REVIEW

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence. 42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is more than a scintilla but less that a preponderance. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)(en banc). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

## FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §416.920(a).  The plaintiff has the burden of proof as steps one through four, but the burden shifts to the Commissioner at step five  to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

## ANALYSIS

### Substantial Evidence Supports the ALJ's Findings

Plaintiff, unrepresented, contends that her eye problems prevent her from performing any work. *Plaintiff's Brief, Dock. #15.*  She argues in effect that she can only care for her children with the help of her adult siblings. *Id.*  She alleges that her condition obliges her to stay at home most of the time.  Disputing the ALJ's inference that she left the house frequently, she states that she was not available to take a call from the SSA prior to her administrative hearing because her telephone was broken.  *Id.*

"[W]here the claimant is unrepresented by counsel, the ALJ has a duty to exercise a heightened level of care and assume a more active role" in the proceedings. *Id.*; *Smith v. Harris,* 644 F.2d 985, 989 (3d Cir.1981).[2]  The hearing transcript shows that the ALJ made

---

[2] Similarly, this Court is to liberally construe this *pro se* Plaintiff's complaint and motion. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). We have therefore reviewed the entire record with the understanding that Plaintiff

a thorough inquiry of Plaintiff's daily activities and concluded the examination only after asking Plaintiff if she wished to testify further regarding her alleged impairments (Tr. 39). The ALJ's decision did not amount to a distortion of either Plaintiff's testimony or the sparse medical records submitted in support of the claim.

Moreover, the determination that Plaintiff was not disabled is easily supported by the record. Although Plaintiff alleges that vision problems of the right eye prevent her from performing errands on her own, going to school, or working, she does not dispute the findings that vision in the left eye was essentially normal. The ALJ did not err in finding that Plaintiff's allegations that right eye problems prevented her from taking public transportation or even crossing the street on her own were not credible. Further, although Plaintiff alleges that the eye problems restrict her activities, she acknowledged that she is not prevented from reading, watching television, or working on her Facebook page (Tr. 38). Although Plaintiff's argument does not address alleged limitations as a result of headaches, the ALJ's rejection of her allegations of disabling headaches was adequately explained and supported by the record (Tr. 15).

Plaintiff also faults the ALJ for inferring that her failure to answer her home telephone implied that she spent significant time away from home. Her letter to the Appeals Council stated that her failure to answer the telephone was attributable to her need to stay in her bedroom most of the day and the fact that she shared the telephone with others (Tr. 163). In contrast, she now contends that at the time SSA staff attempted to reach her, the telephone was broken. *Plaintiff's Brief.* Assuming that either one of these explanations is true, and that the ALJ erroneously attributed her failure to answer her telephone to being out of the house, the rest of the findings discounting Plaintiff's claims are otherwise generously supported by

_____

challenges the ALJ's decision as being unsupported by substantial evidence.

the record.  For example, Plaintiff gives no plausible reason for her failure to obtain safety glasses or why Medicaid would refuse cover the cost of an inexpensive item prescribed by a treating source.  Likewise, given that she alleges that she receives help with her adult siblings, she does not provide convincing reason for missing *multiple* appointments for eye care or her failure to seek mental health treatment.

Finally, the material submitted subsequent to the administrative decision undermines, rather than supports her claim for benefits.[3]  The April, 2009 submission by the Community Mental Health Center states only that Plaintiff did not show up for an intake exam (Tr. 162). This information would be unlikely to change the ALJ's finding that Plaintiff's limitations as a result of depression were non-severe (Tr. 13, 162).  Indeed, Plaintiff's limited treating records show that she exhibited appropriate behavior and orientation to time, place, and person.  I also note that Plaintiff's present argument (a letter addressed to the Court) in support of benefits is well organized, articulate, and presents cogent (if not winning) grounds for remand.

Because the ALJ's determination that Plaintiff was not disabled is well within the

---

[3]

Material submitted to the Appeals Council subsequent to the administrative decision is subject to a narrow review by the district court. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir.1993). Where the Appeals Council denies a claimant's request for a review of his application based on new material, the district court cannot consider that new evidence in deciding whether to "uphold, modify, or reverse the ALJ's decision." *Id*. at 695–96; *see also* 42 U.S.C. § 405(g)(the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ..."). Hence, this Court may consider the additional evidence only for purposes of determining whether remand is appropriate under the sixth sentence of § 405(g).

Even assuming Plaintiff could show "good cause" for the tardy submission the April, 2009 statement by the Community Mental Health Center, she cannot show that the records would be likely to change the ALJ's determination (Tr. 162).

"zone of choice" accorded to the fact-finder at the administrative hearing level, it should not be disturbed by this Court. *Mullen v. Bowen, supra.*

## CONCLUSION

For the reasons stated above, I recommend that Plaintiff's Motion for Summary Judgment be DENIED, and Defendant's Motion for Summary Judgment GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 29, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 29, 2011.


s/Susan Jefferson
Deputy Clerk